J. S55022/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
   :          PENNSYLVANIA
   :
   :
   :
v.    :
   :
ROBERT G. CABELL,    :
   :
       Appellant    :    No. 2837 EDA 2015

Appeal from the PCRA Order August 28, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0012754-2007

BEFORE: LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 30, 2016**

Appellant, Robert G. Cabell, appeals from the Order entered in the Philadelphia County Court of Common Pleas dismissing his second Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and this Court, thus, lacks jurisdiction to review the Petition.

On January 14, 2009, following a bench trial, the trial court convicted Appellant of Third-Degree Murder, Carrying Firearm in Public in Philadelphia, Possession of an Instrument of Crime ("PIC"), and Recklessly Endangering

---

[*] Former Justice specially assigned to the Superior Court.

Another Person ("REAP").[1]   On May 21, 2009, the trial court sentenced Appellant to a term of 17 to 45 years' incarceration.   Although the Commonwealth had filed a Notice of its intent to pursue a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712, the trial court did not, in fact, impose a mandatory minimum sentence.   **See** Sentencing Order, 5/21/2009, at 1-2.[2]

This Court affirmed the Judgment of Sentence on May 28, 2010, and our Supreme Court denied appeal on December 1, 2010.   **See** **Commonwealth v. Cabell**, No. 3159 EDA 2009 (Pa. Super. filed May 28, 2010), *appeal denied*, 13 A.3d 474 (Pa. 2010).   Appellant did not seek review by the U.S. Supreme Court.   Appellant's Judgment of Sentence, therefore, became final on March 1, 2011.   **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13.

Appellant filed his first PCRA Petition on August 23, 2011, which the PCRA court dismissed on July 25, 2012.   He filed the instant *pro se* PCRA Petition, his second, on October 16, 2014.   Relying on **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013), and **Commonwealth v. Newman**, 99

---

[1] 18 Pa.C.S. § 2502(c); 18 Pa.C.S. § 6108; 18 Pa.C.S. § 907; and 18 Pa.C.S. § 2705, respectively.

[2] Although the record does not contain a sentencing transcript, the sentencing court's forms indicate that it did not impose a mandatory minimum sentence on any charge.  We rely on this fact from the certified record in reaching our conclusion that the trial court did not rely on Section 9712 at Appellant's sentencing.

A.3d 86 (Pa. Super. 2014)[3], Appellant averred that he received an illegal mandatory minimum sentence as a result of being sentenced under 42 Pa.C.S. § 9712.

On June 23, 2015, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition. Appellant filed a response on July 7, 2015, repeating his illegal sentencing claim.

On August 28, 2015, the PCRA court dismissed Appellant's Petition without a hearing, concluding it lacked jurisdiction to consider Appellant's underlying claim because the Petition was untimely and Appellant had failed to plead and prove any one of the timeliness exceptions provided in 42 Pa.C.S.§ 9545(b)(1).

Appellant timely appealed on September 18, 2015. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine

---

[3] ***Alleyne*** held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. ***Id***., 131 S.Ct. at 2160-61. In ***Newman***, this Court held that pursuant to ***Alleyne***, 42 Pa.C.S. § 9712.1 is no longer constitutional.

issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. ***See Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on March 1, 2011, upon expiration of the time to file a Petition for Writ of *Certiorari* with the United States Supreme Court. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13. In order to be timely, Appellant needed to submit his PCRA Petition by March 1, 2012. ***Id***. Appellant filed this PCRA Petition on October

16, 2014, well after the one-year deadline. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, dated 12/22/15, at 2, 4.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

> **(b) Time for filing petition.**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). *See, e.g., Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Here, in relying on **Alleyne** and **Newman**, *supra*, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii) to challenge to the legality of his sentence, averring that the court applied Section 9712's mandatory minimum. As noted above, the trial court did not, in fact, sentence Appellant to a mandatory minimum. Accordingly, **Alleyne** has no relevance to Appellant's illegality of sentence claim.

Even if **Alleyne** were applicable, this Court would have no jurisdiction to review the claim. Although a legality of sentence claim cannot be waived, it must be raised in a timely PCRA Petition. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007); 42 Pa.C.S. § 9545(b)(2); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

The United States Supreme Court decided **Alleyne** on June 17, 2013. In order to invoke the "constitutional right" exception under 42 Pa.C.S. § 9545(b)(1)(iii), Appellant needed to submit his PCRA petition within 60 days of June 17, 2013.[4] **See Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that the 60-day period begins to run upon the date of

---

[4] This Court applied **Alleyne** in **Newman**, **supra**, on August 20, 2014. However, the clear terms of 42 Pa.C.S. § 9545(b)(1)(iii) only apply to decisions issued by the U.S. Supreme Court and the Pennsylvania Supreme Court.

the underlying judicial decision). Appellant filed this PCRA Petition on October 16, 2014, well after 60 days of the *Alleyne* decision.

Moreover, our Supreme Court has recently reiterated that *Alleyne* does not apply retroactively on post-conviction collateral review. *See Commonwealth v. Washington*, ___ A.3d ___, 2016 WL 3909088, No. 37 EAP 2015 (Pa. filed July 19, 2016).

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. *See* PCRA Court Opinion, dated 12/22/15, at 3-5. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2016